# EXHIBIT 3
# Part 2 of 2

REAMS, Eugene Alvin   CR 66202/CR 66967    - 16 -                5-31-84

residence and the theft was committed much as Terzibachian reported it. Yellen subsequently told Burtrum about the theft and took him to see the car which was parked in the Hotel del Coronado lot, and the defendant said he subsequently learned that Burtrum called the owner and told him where it was.

Because the Porche was recovered by its owner, they still needed a fast car. This led to the two subsequent thefts of 280ZX automobiles from Encinitas Team Datsun and Terry Allen Datsun. The defendant was driven there by Yellen, and the defendant committed the theft himself.

By way of further planning, the defendants stole a police scanner from a Radio Shack and went to the Brink's Office where they attempted to break a window to determine the police response time. They were familiar with the methods of the ADT Security Service, as they had worked for ADT and wanted to check their response time so they would know how much time they would have if they were to get in to get the money and leave.

On 11-18-83, when the police came to Yellen's house and took the stolen 280Z cars from the residence, they realized that they had to get another fast car. Therefore, Reams and Yellen stole the black and yellow Porche that afternoon. That night, actually early the next morning, the incident with Nixon took place. The defendant admits that he, Taylor, and Yellen committed it, but said that he was the passenger, not the driver of the Porche as it approached the victim. He said their intent was to get Nixon's keys to enter the Brink's building, which they obtained. However, after dropping Nixon off at the Industrial Indemnity Office, they went to Brink's and found that the keys did not fit the locks to the Brink's Office.

After being foiled at that attempt, the three defendants decided that the next best thing would be to burglarize Neiman Marcus where Yellen worked. To accomplish that, they felt they needed a large vehicle to carry off the goods, which led to the theft of the van from Castaneda later that day. The idea was that, if authorities were suspicious of the van, they would use the Porche to distract them.

On 11-20-83, they once again attempted to get the Porche from the Terzibachians. They wanted it as a backup getaway car. The defendant admits that he and Yellen were armed, but not Taylor. However, as related earlier, the attempt was foiled. When they were confronted by the Terzibachians and Deuer, they simply ran.

The defendant conceded that the offense at Neiman Marcus took place much as was related in trial. He said that the jackets were taken primarily because Yellen liked them, and while they had hopes of getting more cash from the store, since the cashier was not there, they could not. At that point, their hope was to get money to leave

REAMS, Eugene Alvin    CR 66202/CR 66967      - 17 -                5-31-84

San Diego. He said they drove to San Ysidro after the incident and, at one point, were stopped by police. The defendant said he was driving, and the police officer who pulled him over told him that a rear light was broken. As the officer was going back to his car, the defendant drove off and, after a chase through San Ysidro, he lost the officer. At the time, they had loaded weapons and the stolen merchandise in the van. They went to the motel, dropped off the merchandise, and drove the van to a nearby parking lot where they abandoned it. He said they called Taylor's sister to see if she could rent them a car, but she could not. They had hoped to get a car to go to Los Angeles, or perhaps Alpine.

The arrest took place much as was reported, the defendant indicated. He indicated he was scared, which led to him attempting to run when confronted by police.

The defendant is aware of his crimes and accepts the fact that he must be punished for them. He admits his motivation was essentially to get money which he needed to support himself to "bide my time" until he was 21, so he could pursue a career in law enforcement. He feels Taylor's motivation was similar to his, however, that Yellen's was simply to create a challenge to overcome. He felt that Yellen was in a good position both financially and with regard to his employment, and had he, the defendant, been in that position, he would have been content.

The defendant emphasizes that one of the main considerations between the three of them was that nobody should get hurt. In connection with the Neiman Marcus offense, their approach was to be tough in the beginning and nobody would try anything, so nobody would get hurt. He is grateful that nobody was hurt and says that, had anybody been hurt, he would have preferred it to have been him, which, as it turned out, he was during the course of his arrest when he was shot in the leg. He hopes to be able to receive vocational training while in State Prison, pointing out wryly that he will probably have enough time in prison to learn several vocations. Thus, he should be able to support himself once he is released.

The defendant acknowledges that he has hurt a large number of people, both financially and emotionally, and says that if he were able to do so, he would make it up to them. At this point, he feels the only way he can do that is by serving his time in prison, which he expects to do and hopes to make the best of it. He points out that one good thing arising from his situation is that his parents, from whom he was estranged previously, are now supportive of him.

PRIOR RECORD:

Department of Motor Vehicle records show <u>the defendant was convicted of six Vehicle Code violations between June of 1981 and August of 1983. Each of the offenses were moving violations, three of which were for speeding.</u>

REAMS, Eugene Alvin    CR 66202/CR 66967        - 18 -                    5-31-84

No FBI clearance was received. The CII clearance reveals no prior convictions, however, the defendant claims a misdemeanor conviction for carrying a concealed weapon in 1982. He said it was a weapon that he used in conjunction with his job as a security guard at the time.

SOCIAL FACTORS:

The defendant was born and raised in Orlando, Florida, where his parents both worked as barbers. He has no brothers or sisters. He graduated from high school in 1980 at the age of 16. He claims no juvenile arrests.

After graduation from high school, the defendant moved to San Diego with his parents. He gained employment at ADT Sterling Security in April of 1981, where he worked "patrol" for a year. During that time, he was attending courses at South Western Junior College in criminology. He quit his employment to go to school full-time when his parents agreed to help support him. He has since accumulated 48 credits in school, claiming a "B" average. He needs 12 more credits to earn his AA degree. As indicated earlier, the defendant's intent was to get a degree in criminology and, perhaps, a BA, so that he could become a police officer.

After a year in school full-time, his parents ran out of money and he was forced to return to work. However, he could only find part-time employment for eight hours a week at Assurance Security. He was living at home up until approximately a month before his arrest, when he was kicked out of the house by his father because of disagreements they had. Their disagreements have subsequently been settled, and the defendant claims the support of both of his parents currently.

The defendant has not been married and has no children. He denies use or abuse of drugs or alcohol. He claims good physical health.

COLLATERAL INFORMATION:

The defendant's father was contacted and expressed support for his son. He believes that his son is guilty of the offenses of which he was convicted. He feels his son committed the crimes because of his great frustration at not being able to be employed in his desired occupation of a police officer just because he was 19 years old. He said he felt the same way at that age, himself, and could understand his son's frustration.

Mr. Reams, while acknowledging his son's guilt, still felt that his son's rights were violated to a large extent in several areas. Included in this was accessibility to his attorney, who was Court appointed.

REAMS, Eugene Alvin    CR 66202/CR 66967        - 19 -                    5-31-84

SENTENCING DATA:

The information in this section is included to assist the Court in fixing the prison term. As the defendant is appearing for sentencing in two cases, both will be considered in this section.

Possible Circumstances in Mitigation:

As to the Crimes:

Rule 423(a)(5): The defendant, who has no prior record, indicates he was encouraged and induced by Codefendant Yellen to participate in the crimes.

Rule 423(a)(6): In all cases, it seems the defendant exercised caution to avoid injury to victims, and he states that this was a conscious effort on all defendants' parts.

Rule 423(a)(8): The defendant says he was involved in the crimes in order to provide transportation and money for himself so that he could maintain himself until he found gainful employment.

As to the Defendant:

Rule 423(b)(1): The defendant has an insignificant prior record, a conviction for Carrying a Concealed Weapon, brought to our attention only because the defendant admitted it.

Rule 423(b)(4): The defendant is ineligible for probation, as explained later in this report and but for that ineligibility and the extensive nature of his offenses would have been found to be a suitable candidate for probation.

Rule 408(a): The defendant expresses considerable remorse and has seemingly explained his involvement fully and candidly.

Possible Circumstances in Aggravation:

As to Crimes:

Rule 421(a)(1): Counts 4 through 6, 7 through 9, 10 through 13, and 14 through 26 involved the threat of bodily harm to victims for virtue of the defendants being armed with a weapon. However, this would be considered under 12022.5 PC as an enhancement and not as an aggravant.

Rule 421(a)(2): The defendant was armed with and used a weapon in Counts 15, 17, 18, and 19, as well as Counts 4 through 6, 7 through 9, 10 through 13, 20 through 26, and 27. Again, however, these will be considered as enhancements and not aggravants.

REAMS, Eugene Alvin   CR 66202/CR 66967   - 20 -                5-31-84

Rule 421(a)(7): As will be discussed later, the defendant will most likely be serving concurrent sentences in several cases when, in fact, consecutive sentences could have been imposed.

Rule 421(a)(8): Considerable planning on the part of the defendant, as well as the others, was evident as shown by their being armed to ensure compliance of victims in all counts in Case CR 66202, except Counts One, Two, and Three. It is obvious the auto thefts were planned by the defendant and Yellen in Case CR 66967 for purposes of obtaining replacement engines and, later, getaway cars for use in Case CR 66202.

Rule 421(a)(10): The burglary of Neiman Marcus and associated crimes (Counts 14 through 27) involved an attempt at taking a large amount of money, however, unsuccessful.

As to the Defendant:

Rule 421(b): None found.

Prison Term Analysis: None of the offenses of which the defendant has been found guilty are seen to be particularly aggravated when not taking into consideration the enhancements accompanying the convictions. While there are admitedly numerous victims, importantly, none were injured. In Case CR 66202, little property was damaged or not returned. The defendant has no prior record and is relatively young, 19 years old. Finally, while the defendant has been convicted of more crimes than the other two defendants, he has been refreshingly candid compared to the other two defendants, and some credit should be given him for that. Thus, middle-base terms are felt to be appropriate in all offenses and are being suggested.

The following discussion will take into account the effects of Rule 425 and Penal Code Section 654.

The robbery in Count 15 was chosen as the base term which, with the two-year enhancement per 12022.5, constitutes the principle term of five years. The accompanying 12022(a) enhancement would be barred per 1170.1(e) PC and stayed.

The sentence terms for Count One, the Conspiracy, would be the same as the crime the defendants conspired to commit, robbery. However, a question per 654 PC arises, and it is suggested that this count be barred per that section.

Counts Two and Three were committed separately from all other counts, as well as from themselves, in both time, place, objective, and victim. Thus, they should be consecutive to the principle term and to one another. The terms would be eight months each, with one year and four months stayed.

REAMS, Eugene Alvin    CR 66202/CR 66967      - 21 -                          5-31-84

Count Four, an indeterminate sentence calling for a life term, would be imposed separately from the determinate sentence crimes. The term for it would be a life sentence plus two years, which would include the 12022.5 PC allegation.

Counts Five and Six, the Robbery and Auto Theft committed during and pursuant to the kidnapping, would most likely be barred by 654 PC as the object of the kidnapping.

Comments for Counts Four through Six would apply similarly to Counts Seven through Nine. Counts 10 through 13 would be considered together because of the proximity in time, place, and the acts actually committed by the defendant. This transaction was separate from all others and should carry a term additional to the principle term. Count 11 is chosen to be consecutive, adding a one-year term plus eight months for the 12022.5 PC allegation. Counts 10, 12, and 13 should, under Rule 425 criteria, be concurrent. Counts 14, and 16 through 19 should be concurrent with Count 15, which has been chosen as the principal term. Again, this series of crimes essentially arose during a single transaction, the burglary of Neiman Marcus. Rule 425 criteria would seem to support these being concurrent.

Counts 20 through 26 would appear to be barred per 654 PC, as they are largely inseparable from the robberies, being committed during a continuous course of action.

Count 27, the burglary of Neiman Marcus, should be concurrent to the more serious offense of robbery committed therein, as robbery was evidently one of the objects of the burglary. The Court may wish to bar the 12022(a) PC allegation per 1170.1(a) PC.

The above analysis would call for a determinate sentencing law sentence of eight years in Case CR 66202.

In Case CR 66967, each of the offenses to which the defendant pled guilty were committed at different times, places, involved separate victims, and separate objectives, namely different cars. Thus, each of those offenses would justifiably be ordered served consecutive to one another, as well as to the other determinate sentences imposed. Each would then carry a term of eight months, with a year and four months stayed.

The total determinate sentence for both cases would thus be ten years. This sentence would be served before the two consecutive life terms being recommended in Counts Four and Seven, each of which carry an additional two years for the 12022.5 PC enhancement. Consecutive life sentences are being recommended because of the separate victims, times, places, and objectives each kidnapping involved.

REAMS, Eugene Alvin   CR 66202/CR 66967        - 22 -                    5-31-84

Suggested Prison Term:

As to CR 66202:

Determinate Sentence Crimes

| Counts | Crime | Suggested Base Term | Comment | Recomm. Term | Recomm. Stay |
|---|---|---|---|---|---|
| 15 | 211 PC | Mid - 3 yrs | Principle Term - 5 yrs | 3 yrs | 0 |
|  | 12022.5 | 2 yrs |  | 2 yrs | 0 |
|  | 12022(a) | 1 yr | Barred 1170.1(e) | 0 | 1 yr |
| 1 | 182.1 PC | Mid - 3 yrs | Barred 654 PC | 0 | 3 yrs |
| 2 | 487.3 PC | 1/3 x 2 = 8 mos | Consecutive | 8 mos | 1 yr, 4 mos |
| 3 | 487.3 PC | 1/3 x 2 = 8 mos | Consecutive | 8 mos | 1 yr, 4 mos |
| 5 | 211 PC | Mid - 3 yrs | Barred 654 PC | 0 | 3 yrs |
|  | 12022.5 | 2 yrs | Barred 654 PC | 0 | 2 yrs |
| 6 | 10851 VC | Mid - 2 yrs | Barred 654 PC | 0 | 2 yrs |
|  | 12022.5 | 2 yrs | Barred 654 PC | 0 | 2 yrs |
| 8 | 211 PC | Mid - 3 yrs | Barred 654 PC | 0 | 3 yrs |
|  | 12022.5 | 2 yrs | Barred 654 PC | 0 | 2 yrs |
| 9 | 10851 VC | Mid - 2 yrs | Barred 654 PC | 0 | 2 yrs |
|  | 12022.5 | 2 yrs | Barred 654 PC | 0 | 2 yrs |
| 10 | 664/487.3 PC | Mid - 1 yr | Concurrent | 0 | 0 |
|  | 12022.5 | 2 yrs | Concurrent | 0 | 0 |
| 11 | 245(a)(2) PC | 1/3 x 3 = 1 yr | Consecutive | 1 yr | 2 yrs |
|  | 12022.5 | 1/3 x 2 = 8 mos | Consecutive | 8 mos | 1 yr 4 mos |

REAMS, Eugene Alvin    CR 66202/CR 66967    - 23 -                          5-31-84

As to CR 66202:    (continued)

Determinate Sentence Crimes

| Counts | Crime | Suggested Base Term | Comment | Recomm. Term | Recomm. Stay |
|---|---|---|---|---|---|
| 12 | 245(a)(2) PC | Mid - 3 yrs | Concurrent | 0 | 0 |
|    | 12022.5      | 2 yrs       | Concurrent | 0 | 0 |
| 13 | 245(a)(2) PC | Mid - 3 yrs | Concurrent | 0 | 0 |
|    | 12022.5      | 2 yrs       | Concurrent | 0 | 0 |
| 14 | 211 PC       | Mid - 3 yrs | Concurrent | 0 | 0 |
|    | 12022(a)     | 1 yr        | Concurrent | 0 | 0 |
| 16 | 211 PC       | Mid - 3 yrs | Concurrent | 0 | 0 |
|    | 12022(a)     | 1 yr        | Concurrent | 0 | 0 |
| 17 | 211 PC       | Mid - 3 yrs | Concurrent | 0 | 0 |
|    | 12022.5      | 2 yrs       | Concurrent | 0 | 0 |
|    | 12022(a)     | 1 yr        | Stay per 1170.1(e) | 0 | 1 |
| 18 | 211 PC       | Mid - 3 yrs | Concurrent | 0 | 0 |
|    | 12022.5      | 2 yrs       | Concurrent | 0 | 0 |
|    | 12022(a)     | 1 yr        | Stay per 1170.1(e) | 0 | 1 |
| 19 | 211 PC       | Mid - 3 yrs | Concurrent | 0 | 0 |
|    | 12022.5      | 2 yrs       | Concurrent | 0 | 0 |
|    | 12022(a)     | 1 yr        | Stay per 1170.1(e) | 0 | 1 |
| 20 | 245(a)(2) PC | Mid - 3 yrs | Barred 654 PC | 0 | 3 |
|    | 12022.5      | 2 yrs       | Barred 654 PC | 0 | 2 |

REAMS, Eugene Alvin    CR 66202/CR 66967    - 24 -    5-31-84

As to CR 66202: (continued)

Determinate Sentence Crimes

| Counts | Crime | Suggested Base Term | Comment | Recomm. Term | Recomm. Stay |
|---|---|---|---|---|---|
| 20 | 245(a)(2) PC | Mid - 3 yrs | Barred 654 PC | 0 | 3 |
|  | 12022.5 | 2 yrs | Barred 654 PC | 0 | 2 |
| 21 | 245(a)(2) PC | Mid - 3 yrs | Barred 654 PC | 0 | 3 |
|  | 12022.5 | 2 yrs | Barred 654 PC | 0 | 2 |
| 22 | 245(a)(2) PC | Mid - 3 yrs | Barred 654 PC | 0 | 3 |
|  | 12022.5 | 2 yrs | Barred 654 PC | 0 | 2 |
| 23 | 245(a)(2) PC | Mid - 3 yrs | Barred 654 PC | 0 | 3 |
|  | 12022.5 | 2 yrs | Barred 654 PC | 0 | 2 |
| 24 | 245(a)(2) PC | Mid - 3 yrs | Barred 654 PC | 0 | 3 |
|  | 12022.5 | 2 yrs | Barred 654 PC | 0 | 2 |
| 25 | 245(a)(2) PC | Mid - 3 yrs | Barred 654 PC | 0 | 3 |
|  | 12022.5 | 2 yrs | Barred 654 PC | 0 | 2 |
| 26 | 245(a)(2) PC | Mid - 3 yrs | Barred 654 PC | 0 | 3 |
|  | 12022.5 | 2 yrs | Barred 654 PC | 0 | 2 |
| 27 | 459 PC | Mid - 2 yrs | Concurrent | 0 | 0 |
|  | 12022.5 | 2 yrs | Concurrent | 0 | 1 |
|  | 12022(a) | 1 yr | Barred 1170.1(e) | 0 | 1 |

CR 66202 Total:    8 yrs

REAMS, Eugene Alvin    CR 66202/CR 66967    - 25 -    5-31-84

Suggested Prison Term:

As to CR 66967:

### Determinate Sentence Crimes

| Counts | Crime | Suggested Base Term | Comment | Recomm. Term | Recomm. Stay |
|---|---|---|---|---|---|
| 2 | 10851 VC | 1/3 x 2 = 8 mos | Consecutive | 8 mos | 1 yr, 4 mos |
| 17 | 10851 VC | 1/3 x 2 = 8 mos | Consecutive | 8 mos | 1 yr, 4 mos |
| 20 | 10851 VC | 1/3 x 2 = 8 mos | Consecutive | 8 mos | 1 yr, 4 mos |
|  |  |  | CR 66967 Total: | 2 yrs |  |
|  |  |  | TOTAL BOTH CASES: | 10 yrs |  |

As to CR 66202:

### Indeterminate Sentence Crimes

| Counts | Crime | Suggested Base Term | Comment | Recomm. Term | Recomm. Stay |
|---|---|---|---|---|---|
| 4 | 209(b) PC | Life | Consecutive | Life | 0 |
|  | 12022.5 | 2 yrs |  | 2 yrs | 0 |
| 7 | 209(b) PC | Life | Consecutive | Life | 0 |
|  | 12022.5 | 2 yrs |  | 2 yrs | 0 |
|  |  |  | Total: | 2 Life Terms plus 4 yrs |  |

EVALUATION:

Judicial Council Rule 414(a) addresses statutory provisions limiting or prohibiting the grant of probation. Penal Code Section 1203.06(a)(1)(iii) precludes a grant of probation as the defendant personally used a firearm in Counts Five, Eight, 15, 17, 18, and 19. Probation would also be precluded by the same Penal Code Section, subsection (v), in Counts Four and Seven, as he personally used a firearm in connection with Kidnapping per 209 PC.

REAMS, Eugene Alvin   CR 66202/CR 66967   - 26 -   5-31-84

Another section that would preclude probation, except in "an unusual case," would be PC 1203(e)(2), which would preclude a grant of probation in any felony conviction in which the defendant used a firearm against a human being, which would include Counts 11 through 14, 16, and 20 through 26. While mute, the argument might be presented that but for the statutory ineligibility, the defendant's youth and lack of prior record, per Rule 416(f), might make this "an unusual case."

This defendant, 18 at the time he committed this lengthy series of offense, is seen to have been immature, impetuous, and, to an extent, gullible. For whatever reason, he willingly took Codefendant Yellen's lead and eagerly participated in offenses taking place over a long period of time, when taking into account both cases. He ironically wanted to be a law enforcement officer, and it was, he says, his impatience at not being able to become one that led him into his involvement. There is no question in the mind of the undersigned that the defendant was aware of the penalties involved and the risks he was taking when he so willingly participated. On the other hand, he just as willingly thoroughly explained his involvement in the offenses and accepts responsibility for his behavior. This aspect is a refreshing change from the codefendants, particularly Yellen who would admit to relatively little. As mentioned earlier, the defendant should be given some credit for his candor.

Pursuant to the statutes cited above, and general objectives in sentencing in Rule 410, a commitment to the Department of Corrections is being recommended. As Rule 414 criteria affecting probation is irrelevant, it will not be discussed further.

RECOMMENDATION:

As to CR 66202:   That probation be denied and the defendant be committed to the Department of Corrections for the term of eight years, with credit for time served of 288 days, including 192 actual days and 96 days 4019 PC credits, to be served consecutive to two life terms, plus two years each, which in turn are to be served consecutive to one another.

As to CR 66967:   That probation be denied and the defendant be committed to the Department of Corrections for the term of two years with no credit for time served, to be served consecutive to the determinate and indeterminate terms imposed in Case CR 66202.

REAMS, Eugene Alvin   CR 66202/CR 66967       - 27 -                    5-31-84

Term Recommendation Breakdown by Count and CR # is as Follows:

As to CR 66202:

Determinate Sentence Crimes

| Counts | Crime | Suggested Base Term | Comment | Recomm. Term | Recomm. Stay |
|---|---|---|---|---|---|
| 15 | 211 PC | Mid - 3 yrs | Principle Term - 5 yrs | 3 yrs | 0 |
|  | 12022.5 | 2 yrs |  | 2 yrs | 0 |
|  | 12022(a) | 1 yr | Barred 1170.1(e) | 0 | 1 yr |
| 1 | 182.1 PC | Mid - 3 yrs | Barred 654 PC | 0 | 3 yrs |
| 2 | 487.3 PC | 1/3 x 2 = 8 mos | Consecutive | 8 mos | 1 yr, 4 mos |
| 3 | 487.3 PC | 1/3 x 2 = 8 mos | Consecutive | 8 mos | 1 yr, 4 mos |
| 5 | 211 PC | Mid - 3 yrs | Barred 654 PC | 0 | 3 yrs |
|  | 12022.5 | 2 yrs | Barred 654 PC | 0 | 2 yrs |
| 6 | 10851 VC | Mid - 2 yrs | Barred 654 PC | 0 | 2 yrs |
|  | 12022.5 | 2 yrs | Barred 654 PC | 0 | 2 yrs |
| 8 | 211 PC | Mid - 3 yrs | Barred 654 PC | 0 | 3 yrs |
|  | 12022.5 | 2 yrs | Barred 654 PC | 0 | 2 yrs |
| 9 | 10851 VC | Mid - 2 yrs | Barred 654 PC | 0 | 2 yrs |
|  | 12022.5 | 2 yrs | Barred 654 PC | 0 | 2 yrs |
| 10 | 664/487.3 PC | Mid - 1 yr | Concurrent | 0 | 0 |
|  | 12022.5 | 2 yrs | Concurrent | 0 | 0 |
| 11 | 245(a)(2) PC | 1/3 x 3 = 1 yr | Consecutive | 1 yr | 2 yrs |
|  | 12022.5 | 1/3 x 2 = 8 mos | Consecutive | 8 mos | 1 yr 4 mos |

REAMS, Eugene Alvin   CR 66202/CR 66967   - 28 -                              5-31-84

As to CR 66202:   (continued)

### Determinate Sentence Crimes

| Counts | Crime | Suggested Base Term | Comment | Recomm. Term | Recomm. Stay |
|---|---|---|---|---|---|
| 12 | 245(a)(2) PC | Mid - 3 yrs | Concurrent | 0 | 0 |
|    | 12022.5 | 2 yrs | Concurrent | 0 | 0 |
| 13 | 245(a)(2) PC | Mid - 3 yrs | Concurrent | 0 | 0 |
|    | 12022.5 | 2 yrs | Concurrent | 0 | 0 |
| 14 | 211 PC | Mid - 3 yrs | Concurrent | 0 | 0 |
|    | 12022(a) | 1 yr | Concurrent | 0 | 0 |
| 16 | 211 PC | Mid - 3 yrs | Concurrent | 0 | 0 |
|    | 12022(a) | 1 yr | Concurrent | 0 | 0 |
| 17 | 211 PC | Mid - 3 yrs | Concurrent | 0 | 0 |
|    | 12022.5 | 2 yrs | Concurrent | 0 | 0 |
|    | 12022(a) | 1 yr | Stay per 1170.1(e) | 0 | 1 |
| 18 | 211 PC | Mid - 3 yrs | Concurrent | 0 | 0 |
|    | 12022.5 | 2 yrs | Concurrent | 0 | 0 |
|    | 12022(a) | 1 yr | Stay per 1170.1(e) | 0 | 1 |
| 19 | 211 PC | Mid - 3 yrs | Concurrent | 0 | 0 |
|    | 12022.5 | 2 yrs | Concurrent | 0 | 0 |
|    | 12022(a) | 1 yr | Stay per 1170.1(e) | 0 | 1 |
| 20 | 245(a)(2) PC | Mid - 3 yrs | Barred 654 PC | 0 | 3 |
|    | 12022.5 | 2 yrs | Barred 654 PC | 0 | 2 |

REAMS, Eugene Alvin    CR 66202/CR 66967    - 29 -    5-31-84

As to CR 66202: (continued)

### Determinate Sentence Crimes

| Counts | Crime | Suggested Base Term | Comment | Recomm. Term | Recomm. Stay |
|---|---|---|---|---|---|
| 20 | 245(a)(2) PC | Mid - 3 yrs | Barred 654 PC | 0 | 3 |
|  | 12022.5 | 2 yrs | Barred 654 PC | 0 | 2 |
| 21 | 245(a)(2) PC | Mid - 3 yrs | Barred 654 PC | 0 | 3 |
|  | 12022.5 | 2 yrs | Barred 654 PC | 0 | 2 |
| 22 | 245(a)(2) PC | Mid - 3 yrs | Barred 654 PC | 0 | 3 |
|  | 12022.5 | 2 yrs | Barred 654 PC | 0 | 2 |
| 23 | 245(a)(2) PC | Mid - 3 yrs | Barred 654 PC | 0 | 3 |
|  | 12022.5 | 2 yrs | Barred 654 PC | 0 | 2 |
| 24 | 245(a)(2) PC | Mid - 3 yrs | Barred 654 PC | 0 | 3 |
|  | 12022.5 | 2 yrs | Barred 654 PC | 0 | 2 |
| 25 | 245(a)(2) PC | Mid - 3 yrs | Barred 654 PC | 0 | 3 |
|  | 12022.5 | 2 yrs | Barred 654 PC | 0 | 2 |
| 26 | 245(a)(2) PC | Mid - 3 yrs | Barred 654 PC | 0 | 3 |
|  | 12022.5 | 2 yrs | Barred 654 PC | 0 | 2 |
| 27 | 459 PC | Mid - 2 yrs | Concurrent | 0 | 0 |
|  | 12022.5 | 2 yrs | Concurrent | 0 | 1 |
|  | 12022(a) | 1 yr | Barred 1170.1(e) | 0 | 1 |

CR 66202 Total: 8 yrs

REAMS, Eugene Alvin    CR 66202/CR 66967        - 30 -                           5-31-84

As to CR 66967:

### Determinate Sentence Crimes

| Counts | Crime    | Suggested Base Term | Comment     | Recomm. Term | Recomm. Stay |
|--------|----------|---------------------|-------------|--------------|--------------|
| 2      | 10851 VC | 1/3 x 2 = 8 mos     | Consecutive | 8 mos        | 1 yr, 4 mos  |
| 17     | 10851 VC | 1/3 x 2 = 8 mos     | Consecutive | 8 mos        | 1 yr, 4 mos  |
| 20     | 10851 VC | 1/3 x 2 = 8 mos     | Consecutive | 8 mos        | 1 yr, 4 mos  |

CR 66967 Total:  2 yrs

TOTAL BOTH CASES:  10 yrs

As to CR 66202:

### Indeterminate Sentence Crimes

| Counts | Crime     | Suggested Base Term | Comment     | Recomm. Term | Recomm. Stay |
|--------|-----------|---------------------|-------------|--------------|--------------|
| 4      | 209(b) PC | Life                | Consecutive | Life         | 0            |
|        | 12022.5   | 2 yrs               |             | 2 yrs        | 0            |
| 7      | 209(b) PC | Life                | Consecutive | Life         | 0            |
|        | 12022.5   | 2 yrs               |             | 2 yrs        | 0            |

Total:  2 Life Terms plus 4 yrs

Approved
_____
ROBERT O. CONKLIN
Supervisor

I have read and considered
the foregoing report.

_____
JUDGE OF THE SUPERIOR COURT
FAW:kab

Respectfully submitted,

CECIL H. STEPPE
Chief Probation Officer

By:

F. A. WITT
Deputy Probation Officer

Charges: (continued)

Assault with Firearm (245(a)(2) PC) - Commit Crime While Armed
  (12022.5), Counts 11, 12, 13, 20, 21, 22, 23, 24, 25, and 26;
Burglary (459 PC) - Commit Crime While Armed (12022.5) & Armed while
  Commit Felony (12022(a)), Count 27