# EXHIBIT 9

RECEIVED IN CRIMINAL DOCKETING

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

FILED
Stephen M. Kelly, Clerk
DEC 21 2006
Court of Appeal Fourth District

| | |
|---|---|
| In re EUGENE ALVIN REAMS <br><br> on <br><br> Habeas Corpus. | D049348 <br><br> (San Diego County <br> Super. Ct. No. CR 66202) |

THE COURT:

    The petition for writ of habeas corpus has been read and considered by Justices Haller, O'Rourke, and Aaron.

    In 1984 a jury convicted petitioner Eugene Reams of multiple crimes committed by him and two accomplices during a five-day crime spree. These crimes included one count of conspiracy to commit robbery, two counts of kidnapping for robbery, two counts of robbery, two counts of unlawfully taking a vehicle, one count of grand theft auto, one count of attempted grand theft auto, three counts of assault with a firearm, seven counts of assault, and one count of burglary. The jury also found that Reams had personally used or had been armed with a firearm during many of the crimes. In a separate case, Reams pleaded guilty to additional grand theft auto charges stemming from conduct that pre-dated the crime spree. The trial court sentenced Reams to a prison term of life with the possibility of parole plus 10 years and 8 months.

    The circumstances of the commitment offenses are detailed in the record and are too lengthy to recount here. However, of particular relevance to this petition are the large number of crimes, the pre-planning involved in the crimes, the repeated use of firearms to accomplish the crimes, and the large number of crime victims, some of whom were intentionally lured into danger and/or were victimized more than once. Also relevant are the tactics used to intimidate and frighten the victims, including pointing firearms at them, binding and gagging them, verbally threatening them, and leaving them stranded in potentially precarious situations. Moreover, the only discernable motives for the crimes were monetary gain and thrill seeking.

Prior to the commitment offense, Reams had no significant criminal history. He was raised in a stable home, was a good student, graduated from high school early, and had accomplished three semesters of college with the ultimate goal of obtaining a degree in criminal justice.

While in prison, Reams has had two serious disciplinary actions: one in 1986 for conspiracy to escape and one in 1997 for gambling. Otherwise, his prison programming has been relatively good. He has worked in various prison jobs, completed vocational training, developed good computer skills, participated in self-help programs, and volunteered for service projects.

Although Reams's past psychosocial assessments have indicated he has antisocial personality disorder and a history of marijuana abuse, Reams's most recent psychosocial assessment indicates that he does not currently have a mental health disorder or a substance abuse problem. The assessment also indicates that Reams's violence potential in prison is well below average and his violence potential if released would be no more than that of the average citizen.

Upon parole, Reams plans to work at his father's health food store in Los Angeles and reside in a studio apartment above the store. He also plans to continue his volunteer work, possibly with the homeless.

Since 1995, the Board of Parole Terms, now the Board of Parole Hearings (Board), has conducted seven parole hearings for Reams and each time has determined that Reams was unsuitable for parole. At the hearing in May 2005, the Board determined that Reams was unsuitable because of the circumstances of the commitment offenses, including the number of crimes, the number of victims, the poor treatment of the victims, and the trivial motive for the crimes. However, the Board stated it expected Reams to be found suitable for parole in the near future if he continues to program as he has been. The Board further indicated that the main impediment to its ability to find suitability was Reams's unwillingness to cooperate with an in-depth exploration of his crimes and their impact. According to the Board, such an exploration had not been done to its satisfaction in the past and was necessary for the Board to be assured of Reams's suitability.

Reams filed this petition challenging the Board's decision. In the petition, Reams argues that, by relying solely on the circumstances of his commitment offense to deny him parole, the Board acted arbitrarily and capriciously in violation of his right to due process of law. He further argues that the Board has deprived him of equal protection of the law because both of his accomplices have been granted parole even though the circumstances of their commitment offenses are the same as his. We conclude Reams has failed to state a prima facie case for relief. (*People v. Duvall* (1995) 9 Cal.4th 464, 474-475.)

In reviewing a decision of the Board to deny parole, this court's inquiry is limited to whether there is some evidence in the record to support the Board's decision, based on factors specified by statute and regulation. (*In re Rosenkrantz* (2002) 29 Cal.4th 616, 658.) In addition, the circumstances of a commitment offense can provide sufficient justification to deny parole if: (1) the circumstances exceed the minimum necessary to sustain the conviction, and (2) the prisoner has not been held for a period grossly disproportionate to his or her individual culpability for the offense. (*In re Dannenberg* (2005) 34 Cal.4th 1061, 1095-1096; *Rosenkrantz, supra*, 29 Cal.4th at p. 683.) In this case, the circumstances of Reams's commitment offenses exceed the minimum necessary to sustain his convictions and he has not established that he has been held for a period grossly disproportionate to his individual culpability.

Moreover, there is no indication of any arbitrary or capricious decision-making by the Board. To the contrary, the Board candidly stated on the record that it attempted to probe the circumstances of the commitment offenses in detail, undoubtedly to fully understand what changes have occurred in Reams between the time he committed them and the hearing. However, Reams continually subverted the Board's efforts, even though he had indicated a willingness to talk to the Board at the outset of the hearing.

We recognize the hearing process is taxing and may seem unnecessarily repetitive to someone in Reams's position. Nonetheless, each hearing is a separate and distinct proceeding and we cannot fault the Board for being reluctant to find suitability when it was prevented by Reams from getting the information it needed to do so.

Finally, Reams has not established an equal protection violation because he has not established that he is similarly situated to his accomplices. Although Reams and his accomplices committed most of the same crimes, that is only one factor considered by the Board in determining parole suitability. The Board considers numerous other factors and Reams has not presented any evidence showing how these other factors affected the Board's decisions in his accomplices' cases or that he and his accomplices share sufficient similarities in these other factors to warrant the same treatment by the Board.

The petition is denied.

O'ROURKE, Acting P. J.

Copies to: All parties

3