# EXHIBIT 10

SUPREME COURT COPY

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| In re Eugene Alvin Reams, ) | No. S149284 |
| ) | |
| ) | San Diego County Superior |
| ) | Court, Case No. 66202 |
| On Habeas Corpus .................) | |
| ) | |

PETITION FOR REVIEW

After Decision by the Court of Appeal,
Fourth Appellate District, Division One
Filed December 21, 2006.

SUPREME COURT
FILED

JAN 0 4 2007

Frederick K. Ohlrich Clerk

_____
DEPUTY

Eugene Alvin Reams, C-90508

PETITIONER IN PRO SE
P.O. Box 689 / C-307U
Soledad, CA. 93960-0689

TABLE OF CONTENTS

| | |
|---|---|
| PETITION FOR REVIEW | 1 |
| QUESTIONS PRESENTED | 1, 2 |
| NECESSITY FOR REVIEW | 2, 3 |
| ARGUMENT I | 3 |
| THE BOARD OF PRISON HEARINGS DEPRIVED PETITIONER OF HIS STATE AND FEDERAL PROTECTED LIBERTY INTEREST, VIOLATED HIS 5TH AND 14TH AMENDMENT CONSTITUTIONAL RIGHT TO DUE PROCESS, AND DEPRIVED PETITIONER OF HIS STATE AND FEDERAL EQUAL PROTECTION RIGHTS. | |
|    A. Introduction. | 3 |
|    B. The Board acted arbitrarily and capriciously by denying Petitioner parole without any supporting evidence. | 4 |
|    C. The Board violated Petitioner's Equal Protection Rights by basing their denial of parole on the commitment offense. | 6 |
| CONCLUSION | 7 |

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| In re Eugene Alvin Reams,<br><br><br>On Habeas Corpus | No. _____<br><br>San Diego County Superior<br>Court, Case No. 66202 |

PETITION FOR REVIEW

TO THE HONORABLE RONALD M. GEORGE, CHIEF JUSTICE, AND TO THE HONORABLE ASSOCIATE JUSTICES OF THE SUPREME COURT OF THE STATE OF CALIFORNIA:

Petitioner, Eugene Alvin Reams, petitions this court for review following the decision of the Court of Appeal, Fourth Appellate District, Division One, filed in that court on December 21, 2006. A copy of the opinion of the Court of Appeal is attached hereto as Exhibit "A."

QUESTIONS PRESENTED

1. Can Petitioner's commitment offense be considered so egregious as to invoke Penal Code § 3041 (b) [unreasonable risk to public safety] when the offense(s) involved no physical injuries to any victims; when he has served ten (10) years beyond his seven year minimum; when both codefendants have been found suitable [and released on parole]; and when Petitioner has not exhibited any violent behavior during his 23 years of incarceration?

2. Can Petitioner's commitment offense be considered "some evidence" [under the some evidence test established in In re Lee] when the offense involved no physical injuries to any of the victims [versus other cases which involved murder], when all seven psychological evaluations have rated Petitioner to be a low to moderate risk; and when Petitioner has been denied suitability on eight previous occasions [Biggs v. Terhune, and Yellen v. Butler]?

3. Can Petitioner's commitment offense fail to be a violation of due process [Superior Court and Appellate Court Denial] when this very issue was

- 1 -

decided in codefendant's case [Yellen v. Butler, Federal Court, Eastern District] where the Court found the use of unchanging factors [at Yellen's 1999 hearing] violated his due process?

4. Is there a violation of Equal Protection when the Board used the commitment offense as the primary reason to find Petitioner unsuitable, when those **SAME** factors existed at codefendant's parole suitability hearings, but they were found suitable, and released?

5. Is there a violation of a procedure safeguard where Petitioner refused to discuss every crime in detail [Penal Code § 5011 (b)] but nevertheless was used as a reason for denial of suitability, and further quoted in both the Superior Court and Appellate Court denials.

## NECESSITY FOR REVIEW

A grant of review and resolution of these issues by this Court are necessary to secure uniformity of decision and to settle important questions of law. The need for uniformity of decision is demonstrated by a comparison of this case with the factually similar (codefendant) Yellen v. Butler, No. CIV S-01-2398 MCE GGH P, attached within Petitioner's Habeas Corpus as Exhibit C, which resulted in court findings opposite to that in Petitioner's case. Further, a review of recent cases, In re Ramirez (2002) 94 Cal.App.4th 549, Biggs v. Terhune (9th Cir. 2003) 334 F.3d 910, McQuillion v. Duncan (9th Cir. 2002) 306 F.3d 895, In re Smith (2003) 109 Cal.App.4th 439, In re Scott (2005) 133 Cal.App.4th 573, Irons v. Ward of Cal. State Prison-Solano (E.D. Cal. 2005) 358 F.Supp.2d 936, In re Dannenberg (2005) 34 Cal.4th 1061, Martin v. Marshall (N.D. Cal. 2006), 431 F.Supp.2d 1038, Rosenkrantz v. Marshall (C.D. Cal. 2006) 444 F.Supp.2d 1063, Sanchez v. Kane (C.D. Cal. 2006) 444 F.Supp.2d 1049, In re Lee (Cal.App. 2 Dist. 2006) 49 Cal.Rptr.3d 931, In re Elkins 50 Cal.Rptr.3d 503, and In re Weider (December 5, 2006, 6th Appellate) 2006 DJDAR 15795, also demonstrates the lack of uniformity in application of the due process standard. These thirteen cases all involved murder. Petitioner used

tactics to intimidate and frighten his victims, including pointing firearms, binding and gagging, but physically harmed <u>none</u> of the numerous victims.

There is a need for uniformity where crimes involving no physical injuries are held to a higher standard than murder cases, and where the Federal Courts have ruled [in Petitioner's codefendant's case] that use of the commitment offense violated due process. Petitioner respectfully submits that viewing these cases will demonstrates the lack of uniformity in application of the due process standard.

In summary, Petitioner respectfully submits that in this case, "some evidence" does not support finding that Petitioner is an unreasonable risk to society violating his State and Federal constitutional right to due process and equal protection.

<u>ARGUMENT I</u>

THE BOARD OF PRISON HEARINGS DEPRIVED PETITIONER OF HIS STATE AND FEDERAL PROTECTED LIBERTY INTEREST, VIOLATED HIS 5TH AND 14TH AMENDMENT CONSTITUTIONAL RIGHT TO DUE PROCESS, AND DEPRIVED PETITIONER OF HIS STATE AND FEDERAL EQUAL PROTECTION RIGHTS.

A.  INTRODUCTION

On May 13, 2005, Petitioner appeared before the Board of Prison Terms [now Board of Prison Hearings] for the 7th time for parole consideration and was found unsuitable for parole based on unchanging factors, the circumstances of his offense. Petitioner received a one year parole denial. Petitioner filed a Petition for Writ of Habeas Corpus in the San Diego County Superior Court on February 7, 2006. On April 5, 2006, the San Diego County Superior Court denied Petitioner's petitioner, Case Number HC 17095 - 2nd Petition, concurring with the declarations of the Board (Habeas Corpus Petition, Exh. D.), concurring with the declarations of the Board. Petitioner filed a motion to reconsider on May 18, 2006, (Habeas Corpus Petition, Exhibit E), which was denied on June 7 2006 (Habeas Corpus Petition, Exhibit F).

The facts of Petitioner's case is listed in his Habeas Corpus Petition,

pages 3-7. Petitioner has not engaged in violent or assaultive behavior during his 23 years of incarceration. He has expressed regret and remorse for his acts and to the victims. In addition, Petitioner has only two CDC-115's, both non-violent, his last occurring in 1997. Petitioner has positive CDC Psychological Evaluations supporting his release. Ignoring these facts, the Board arbitrarily found him unsuitable for parole, declaring him an unreasonable threat to society, denying him parole for a one year period.

It should be noted that Petitioner had **another** parole hearing in September of 2006, and was again denied parole for one year.

B. **The Board acted arbitrarily and capriciously by denying Petitioner parole without any supporting evidence.**

In Biggs v. Terhune, supra, 334 F.3d 914, the Court cited Greenholtz v. Nebraska Penal Inmates (1979) 442. U.S. 1, 7; and McQuillion v. Duncan (9th Cir. 2002) 306 F.3d 895, 903, and held that "[b]ecause the "California parole scheme [Penal Code § 3041 (b)] vests in every inmate a constitutionally protected liberty interest" and further held, "protected by the procedural safeguards of the Due Process Clause," "some evidence" having an indicia of reliability must underlay every Board decision. The Biggs' court then established standards for the California Parole Board to follow when assessing the facts before it during a parole consideration hearing, holding at pp. 916-917 that:

> "[While] the California Parole Board's sole supporting reliance on the gravity of [a first degree murder] offense [involving the killing of a witness] and conduct prior to imprisonment to justify denial of parole can initially be justified as fulfilling the requirements set forth by state law [,o]ver time, however, should [a petitioner] continue to demonstrate exemplary behavior and evidence of rehabilitation, denying him parole simply because of the nature of [his] offense and prior conduct would raise serious questions involving his liberty interest in parole. ... A continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation."

In Petitioner's case, the Board has continually relied on unchanging factors. In Biggs case, it was his initial hearing, whereas in Petitioner's case it was his seventh parole consideration hearing. The contintued reliance in the future on an unchanging factor, the circumstances of the offense, runs contrary to the rehabilitative goals espoused by the prison system and has clearly resulted in a due process violation.

Petitioner's commitment offense occurred over 23 years ago. A recent case, In re Lee, supra, 49 Cal.Rptr.3d 931, 939, stated,

> "Simply from the passing of time, Lee's crimes almost 20 years ago have lost much of their usefulness in foreseeing the likelihood of future offenses than if he had committed them five or ten years ago. In re Scott, supra, 133 Cal.App.4th 573, 595, 34 Cal.Rptr.3d 905 [past crime's value for predicting future crime diminishes over time].)"

See also Rosenkrantz v. Marshall (C.D. Cal. 2006) 444 F.Supp.3d 1063, 1065, 1070, 1084 (the court found due process violated when the Governor denied parole solely on the gravity of the commitment offense, and questioned the predictive value of the crime after twenty years); Martin v. Marshall (N.D. Cal. 2006) 431 F.Supp.2d 1038, 1045-1048 (also question the Governor's sole reliance on the circumstances of the case to deny parole); Irons v. Warden of California State Prison-Solano (E.D. Cal. 2005) 358 F.Supp.2d 936, 947, fn. 2. ["after fifteen or so years ... the predictive ability of the circumstances of the crime is near zero"].

Petitioner's commitment offense has no predictive value, especially when viewed with current psych evaluations which rate him to be a low risk of danger to public safety. The Board's reliance on the commitment offense to conclude that Petitioner is an unreasonable risk of danger to society violated due process.

A factor not considered is the fact that Petitioner was 18 years old at the time he committed the offenses. "The reliability of the facts of his crime as a predictor for his dangerousness is further diminished by

- 5 -

by petitioner's age at the time of the offense." (See Rosenkrantz v. Marshall, supra, 444 F.Supp.2d 1063, 1085.).

The Board denied Petitioner parole because he refused to discuss the crimes in detail. This presents another legal issue for the court to resolve. Under Peanl Code § 5011, the Board shall not require an admission of guilt to any crime as a condition of setting a parole date; additionally, under California Code of Regulations, Title 15, Section § 2236, the Board shall not require an admission of guilt, and the prisoner may refuse to DISCUSS the facts of the crime. The Legislature created a "right" under § 5011, and the Board, the Superior and Appellate Courts refuse to acknowledge that right.

Finally, since parole is the rule, Petitioner serving a term of 10 years beyond the minimum would be grossly disproportionate, especially when Petitioner has not exhibited any violent behavior, and has psych evaluations declaring him a low threat.

C. **The Board violated Petitioner's Equal Protection Rights by basing their denial of parole on the commitment offense.**

Petitioner asserts that it is a violation of his Equal Protection Rights to continue using the commitment offense when Petitioner's codefendants have been found suitable for the SAME commitment offense. Petitioner is not asserting that he should be released from prison merely because his two codefendant's have been released. Petitioner is asserting that using the commitment offense as the bases for denial violates Equal Protection, because this particular commitment offense(s) has been deemed suitable.

The Equal Protection Clause essentially requires that all persons similarly situated be treated alike, and an Equal Protection violation occurs when the government treats someone differently than another who is similarly situated. Jacobs, Visonsi & Jacobs Co. v. City of Lawrence, KS, 927 F.2d 1111 (10th Cir. 1991); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 87 L.Ed.2d 313, 105 S.Ct. 3249 (1985).

In Petitioner's case, he is being treated differently than his two codefendants, who committed the same offense(s). They were found suitable, yet Petitioner is being denied <u>solely</u> based on the commitment offense [to establish he is an unreasonable threat to society].

## CONCLUSION

For these reasons, Petitioner respectfully submits request this Court grant review to bring up to date the Board's practices such that they conform with the guidance provided in the cases listed on page two, and thereby conform with current State and Federal standards, so as to insure uniformity of decision making, and to settle questions so important that they impact direction upon the right of a person such as Petitioner to due process of law under the State and Federal constitutions and impact his federally protected liberty interest.

Dated: December 29, 2006

Respectfully Submitted,

*Eugene Alvin Reams*

Eugene Alvin Reams, C-90508
P.O. Box 689 / C-307U
Soledad, California   93960-0689

In Pro Se

EXHIBIT "A"

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

FILED
Stephen M. Kelly, Clerk
DEC 21 2006
Court of Appeal Fourth District

| | |
|---|---|
| In re EUGENE ALVIN REAMS on Habeas Corpus. | D049348 (San Diego County Super. Ct. No. CR 66202) |

THE COURT:

    The petition for writ of habeas corpus has been read and considered by Justices Haller, O'Rourke, and Aaron.

    In 1984 a jury convicted petitioner Eugene Reams of multiple crimes committed by him and two accomplices during a five-day crime spree. These crimes included one count of conspiracy to commit robbery, two counts of kidnapping for robbery, two counts of robbery, two counts of unlawfully taking a vehicle, one count of grand theft auto, one count of attempted grand theft auto, three counts of assault with a firearm, seven counts of assault, and one count of burglary. The jury also found that Reams had personally used or had been armed with a firearm during many of the crimes. In a separate case, Reams pleaded guilty to additional grand theft auto charges stemming from conduct that pre-dated the crime spree. The trial court sentenced Reams to a prison term of life with the possibility of parole plus 10 years and 8 months.

    The circumstances of the commitment offenses are detailed in the record and are too lengthy to recount here. However, of particular relevance to this petition are the large number of crimes, the pre-planning involved in the crimes, the repeated use of firearms to accomplish the crimes, and the large number of crime victims, some of whom were intentionally lured into danger and/or were victimized more than once. Also relevant are the tactics used to intimidate and frighten the victims, including pointing firearms at them, binding and gagging them, verbally threatening them, and leaving them stranded in potentially precarious situations. Moreover, the only discernable motives for the crimes were monetary gain and thrill seeking.

In reviewing a decision of the Board to deny parole, this court's inquiry is limited to whether there is some evidence in the record to support the Board's decision, based on factors specified by statute and regulation. (*In re Rosenkrantz* (2002) 29 Cal.4th 616, 658.) In addition, the circumstances of a commitment offense can provide sufficient justification to deny parole if: (1) the circumstances exceed the minimum necessary to sustain the conviction, and (2) the prisoner has not been held for a period grossly disproportionate to his or her individual culpability for the offense. (*In re Dannenberg* (2005) 34 Cal.4th 1061, 1095-1096; *Rosenkrantz, supra*, 29 Cal.4th at p. 683.) In this case, the circumstances of Reams's commitment offenses exceed the minimum necessary to sustain his convictions and he has not established that he has been held for a period grossly disproportionate to his individual culpability.

Moreover, there is no indication of any arbitrary or capricious decision-making by the Board. To the contrary, the Board candidly stated on the record that it attempted to probe the circumstances of the commitment offenses in detail, undoubtedly to fully understand what changes have occurred in Reams between the time he committed them and the hearing. However, Reams continually subverted the Board's efforts, even though he had indicated a willingness to talk to the Board at the outset of the hearing.

We recognize the hearing process is taxing and may seem unnecessarily repetitive to someone in Reams's position. Nonetheless, each hearing is a separate and distinct proceeding and we cannot fault the Board for being reluctant to find suitability when it was prevented by Reams from getting the information it needed to do so.

Finally, Reams has not established an equal protection violation because he has not established that he is similarly situated to his accomplices. Although Reams and his accomplices committed most of the same crimes, that is only one factor considered by the Board in determining parole suitability. The Board considers numerous other factors and Reams has not presented any evidence showing how these other factors affected the Board's decisions in his accomplices' cases or that he and his accomplices share sufficient similarities in these other factors to warrant the same treatment by the Board.

The petition is denied.

*O'Rourke*
O'ROURKE, Acting P. J.

Copies to: All parties

Date: December 29, 2006

To: Clerk of the Court
CALIFORNIA SUPREME COURT

From: Eugene Alvin reams   C-90508
P.O. Box 689 / C-307U
Soledad, CA.  93960-0689

RE: "MAILBOX-RULE" / "PRISON-DELIVERY RULE"

On December 26, 2006, I received the denial order from the California Appeals Court, Fourth Appellate District, Division One, dated December 21, 2006. It is my understanding that I have 10 days in which to file a Petition for Review. Under the "MAILBOX-RULE" / PRISON-DELIVERY RULE" I believe I am within the 10 day window. (Houston v. Lack (1988) S.Ct. 2379, 2384, 2385. Under the "MAILBOX-RULE" / "PRISON-DELIVERY RULE" after a prisoner signs the proof of service, places the document in an envelope, and prison officials sign, date, and seal the envelope it is considered filed at the time prisoner delivered it to the prison authorities for forwarding to the Court Clerk.

The "Proof of Service" attached to the Petitioner for Review was signed and delivered on December 29, 2006, to prison officials. A CDC Correctiional Officer signed, dated, and sealed the envelope on December 29, 2006. Thus, any delays would be no fault of mine. If this Petition for Review is received late, please consider the "MAILBOX-RULE" / "PRISON-DELIVERY RULE." Petitioner has not procedurally defaulted, regarding time period to file Petition for Review.

Wherefore, Petitioner prays that: Any time delay not bar review of Petitioner's Petition for Review.

Respectfully Submitted,

*Eugene Alvin Reams*
Eugene Alvin Reams

**PROOF OF SERVICE BY MAIL**
BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, __Eugene Alvin Reams__, declare:

I am over 18 years of age and I am party to this action. I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California. My prison address is:

Eugene Alvin Reams, CDCR #: C-90508
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: C-307U
SOLEDAD, CA 93960-0689.

On __December 29, 2006__, I served the attached:

Petition for Review

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined. The envelope was addressed as follows:

Office of the Clerk
Supreme Court of California
350 McAllister Street
San Francisco, CA. 94102-4797

Office of the Attorney General
Department of Justice
110 West A Street, Suite 1100
P.O. Box 85266
San Diego, CA. 92186-5266

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on __December 29, 2006__.

_Eugene Alvin Reams_
Declarant