United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE ALVIN REAMS, | No. C 07-3610 WHA (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | |
| A.P. KANE, Warden, | |
| Respondent. | |

## INTRODUCTION

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed an answer, along with a supporting memorandum of points and authorities and exhibits. Petitioner has responded with a traverse. For the reasons set forth below, the petition for a writ of habeas corpus is **DENIED**.

## STATEMENT

In 1984, petitioner was sentenced to two concurrent terms of seven years to life in state prison, with a consecutive term of ten years and eight months, following his conviction for committing a series of crimes with two accomplices (Resp. Exhs. 8, 9). Petitioner was convicted of one count of conspiracy to commit robbery, two counts of kidnaping for robbery, two counts of robbery, two counts of unlawfully taking a car, one count of grand theft auto, one count of attempted grand theft auto, three counts of assault with a firearm, seven counts of

assault, and one count of burglary (Resp. Exh. 9 at 1).  This petition challenges the denial of parole by the California Board of Parole Hearings ("Board") in 2005.  Petitioner filed habeas petitions challenging this decision in all three levels of the California courts.  The Superior Court of the County of San Diego and the California Court of Appeal denied the petitions in explained opinions (Resp. Exhs. 8, 9).  The Supreme Court of California issued a summary denial (Resp. Exh. 10).

## ANALYSIS

**A. STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Id.* at

411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Ibid.*

Under 28 U.S.C. 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000). In this case, the last reasoned opinion is that of the California Court of Appeal denying petitioner's habeas petition (Resp. Exh. 9).

**B.     ISSUES PRESENTED**

As grounds for relief, petitioner claims that (1) the denial of parole violated his right to due process because it was not supported by any evidence; and (2) the denial of parole violated his right to equal protection because it was based on his commitment offenses.

**1.     Due Process**

The Due Process Clause does not, by itself, entitle prisoners to release on parole in the absence of some evidence of their current dangerousness. *Hayward v. Marshall*, 603 F.3d 546, 555, 561 (9th Cir. 2010) (en banc). Under California law, however, "some evidence" of current dangerousness is required in order to deny parole. *Id.* at 562 (citing *In re Lawrence*, 44 Cal.4th 1181, 1205-06 (2008) and *In re Shaputis*, 44 Cal.4th 1241 (2008)). This requirement gives

3

1    California prisoners a liberty interest protected by the federal constitutional guarantee of due
2    process in release on parole in the absence of "some evidence" of their current dangerousness.
3    *Cooke v. Solis*, No. 06-15444, slip op. 1, 15-16 (9th Cir. June 4, 2010) (citing *Hayward*, 603
4    F.3d at 561-64); *Pearson v. Muntz*, No. 08-55728, slip op. 7791, 7799-7800 (9th Cir. May 24,
5    2010) (citing *Hayward*, 603 F.3d at 561-64).

6    When a federal habeas court in this circuit is faced with a claim by a California prisoner
7    that their right to due process was violated because the denial of parole was not supported by
8    "some evidence," the court "need only decide whether the California judicial decision
9    approving" the denial of parole "was an 'unreasonable application'[] of the California 'some
10   evidence' requirement, or was 'based on an unreasonable determination of the facts in light of
11   the evidence.'" *Hayward*, 603 F.3d at 562-63 (quoting 28 U.S.C. 2254(d)(1)-(2)); *Cooke*, slip
12   op. at 15. California's "some evidence" requirement was summarized in *Hayward* as follows:

> As a matter of California law, 'the paramount consideration for both the Board and the Governor under the governing statutes is whether the inmate currently poses a threat to public safety.' There must be 'some evidence' of such a threat, and an aggravated offense 'does not, in every case, provide evidence that the inmate is a current threat to public safety.' The prisoner's aggravated offense does not establish current dangerousness 'unless the record also establishes that something in the prisoner's pre- or post- incarceration history, or his or her current demeanor and mental state' supports the inference of dangerousness. Thus, in California, the offense of conviction may be considered, but the consideration must address the determining factor, 'a current threat to public safety.'

19   *Hayward*, 603 F.3d at 562 (quoting *Lawrence*, 44 Cal.4th. at 1191, 1209-15); *see also Cooke*,
20   slip op. at 16-18 (describing California's "some evidence" requirement).

21   Petitioner was imprisoned for committing a large number of crimes that endangered the
22   lives of many individuals. He and his two accomplices carried out a crime spree over five days,
23   totaling 27 counts against 19 victims, robbing and pointing firearms at them, binding and
24   gagging at least fourteen of them, verbally threatening them, and frequently leaving the victims
25   in dangerous circumstances (Resp. Exh. 2 at 13-15, Exh. 9 at 1). The commitment offenses
26   were not petitioner's only dangerous crimes – as a juvenile, he had been convicted of carrying a
27   concealed weapon (Resp. Exh. 2 at 17). To be sure, twenty years had passed between his
28   commission of these crimes and the parole hearing. Even aside from the commitment offenses,

4

however, there was other evidence of petitioner's current dangerousness.  In prison he received two serious disciplinary reports, for conspiracy to escape in 1986 and for gambling in 1997 (*id.* at 40-42).  In addition, there was evidence in petitioner's demeanor at the hearing that he was not ready for parole.  Specifically, petitioner did not want to discuss his crimes to the extent the Board asked him to, which the Board found was an indication that he was not fully prepared to come to terms with and accept responsibility for them (*id.* at 74-75).  The Board could reasonably view this as an indication that petitioner did not accept the seriousness of his crimes, and thus that there was too great a risk that, if petitioner were released on parole and once again saw others with much more money than him, that he would revert to the same criminal behavior as in the past.

The Board did note factors weighing in favor of parole, including petitioner's stable social history (*id.* at 19-26), his participation in work, training, volunteer and self-help programs in prison, (*id.* at 34-40), positive evaluations from psychologists (*id.* at 44-47), and good parole plans (*id.* at 47-51).  However, the Board could reasonably find that, notwithstanding this evidence, there was "some evidence," specifically in petitioner's demeanor at the hearing and prison disciplinary record, that the dangerousness petitioner displayed in his commitment offenses remained, and would be a threat to the public if petitioner were released.

Consequently, the state courts, in upholding the Board's denial of parole, reasonably applied California's "some evidence" requirement and reasonably determined the facts in light of the evidence presented.  Accordingly, the state courts' denial of petitioner's due process claim was neither contrary to nor an unreasonable application of petitioner's federal law, and petitioner is not entitled to federal habeas relief on this claim.

### 2. **Equal Protection**

Petitioner claims that his right to equal protection was violated because he was denied parole based solely on the circumstances of his commitment offenses whereas his accomplices have been granted parole. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated

5

alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). The denial of parole was not, as discussed above, based solely upon the commitment offenses, nor presumably were the decisions to grant parole to his accomplices, but was based on a number of other factors. Petitioner is not similarly situated to his accomplices with respect to all of the factors guiding the parole decision. Consequently, the fact that he was not granted parole does not violate his right to equal protection, and the state courts' denial of petitioner's claim was neither contrary to nor an unreasonable application of federal law.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June   14  , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\REAMS610.RUL.wpd

6